```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
EDGAR AGENTS, LLC,                                                 :
                                                                   :
                              Plaintiff,                           :
                                                                   :        22-CV-647 (JMF)
              -v-                                                  :
                                                                   :      MEMORANDUM OPINION
EMPIRE FILINGS LLC et al.,                                         :           AND ORDER
                                                                   :
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On February 16, 2022, Plaintiff Edgar Agents LLC ("Edgar Agents") moved for a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure. *See* ECF No. 17. Edgar Agents asks the Court to enjoin Defendants Empire Filings LLC, Michael Lazar, and Charles Aranda from "copying, reproducing, misappropriating and/or making unauthorized use of Edgar Agents' proprietary EDGAR processing software." ECF No. 18 ("Pl.'s Mem."), at 1. On April 14, 2022, the Court heard oral argument on the motion. Based on a review of the parties' papers and the oral argument, the Court denies Plaintiff's motion.

A party seeking a preliminary injunction "must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (internal quotation marks omitted). "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks omitted). Thus, if a

party fails to show irreparable harm, a court need not even address the remaining elements. *See, e.g.*, *Roberts v. Atl. Recording Corp.*, 892 F. Supp. 83, 88 (S.D.N.Y. 1995).

Applying those standards here, the Court concludes that Edgar Agents is not entitled to a preliminary injunction because it has not shown irreparable harm. Edgar Agents argues that it is irreparably harmed by Defendants' attempts to poach its customers and points to its CEO's declaration, in which he states that he "ha[s] had a number of discussions with members of the Edgar Agents leadership team in reference to their accounts regarding feedback from clients and referral sources advising that Michael Lazar has contacted them to poach their business from Edgar Agents." ECF No. 21, ¶ 21. He further states that his leadership team "ha[s] advised [him] that Michael Lazar's pitch for business includes lower prices combined with assurances that his company can provide the same or better EDGAR processing and filing services as Edgar Agents." *Id.* ¶ 22.

Even assuming the Court may properly consider these double-hearsay statements, they fail to establish that Edgar Agents has lost a single customer because of Defendants' alleged wrongful conduct or has otherwise suffered harm that is not reparable by monetary damages. These facts distinguish this case from those on which Edgar Agents relies, in which the plaintiffs *did* show that they had lost customers and goodwill as a result of the alleged infringement or misappropriation at issue. *See* Pl.'s Mem. 22-23 (first citing *Take-Two Interactive Software, Inc. v. Zipperer*, No. 18-CV-2608 (LLS), 2018 WL 4347796, at *9 (S.D.N.Y. Aug. 16, 2018); and then citing *Capstone Logistics Holdings, Inc. v. Navarrete*, No. 17-CV-4819 (GBD), 2020 WL 3429775, at *1 (S.D.N.Y. June 23, 2020), *aff'd in relevant part and remanded*, 838 F. App'x 588 (2d Cir. 2020) (summary order)).

To the extent Edgar Agents relies on the presumption of irreparable harm sometimes applied by Courts in this Circuit in trade secrets cases, *see* Pl.'s Mem. 21-22, it does not apply where, as here, "there is little or no risk that [defendant] will further disclose or otherwise irreparably impair [plaintiff]'s trade secrets." *Faiveley Transp. Malmo AB*, 559 F.3d at 119. To be sure, Edgar Agents argues in passing that Defendants may "sell" or "disseminate the software they are improperly using to a wider audience." Pl.'s Mem. 22. But that possibility is unsupported by evidence and wholly implausible in light of Edgar Agents' contention that Defendants have gained a competitive advantage by using their software. *See Faiveley Transp. Malmo AB*, 559 F.3d at 119 ("Disclosure of [plaintiff]s' trade secrets . . . would only undermine the competitive advantage [defendant] has sought.").

Finally, it bears mentioning that Edgar Agents had ample opportunity to respond to the argument that it failed to show irreparable harm, both in its reply brief — which contains no response to Defendants' arguments on the subject, *see* ECF No. 29, and thus arguably conceded the point, *see, e.g.*, *Fieldcamp v. City of New York*, 242 F. Supp. 2d 388, 391 (S.D.N.Y. 2003) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue.") — and at oral argument, when it pointed only to the statements of its CEO cited above and disclaimed any need for discovery. For the foregoing reasons, Edgar Agents' motion is DENIED. The Court expresses no opinion at this time on the underlying merits of Edgar Agents' claims or Defendants' pending motion to dismiss.

The Clerk of Court is directed to terminate ECF No. 17.

SO ORDERED.

Dated: April 15, 2022
      New York, New York

                                                          JESSE M. FURMAN
                                                          United States District Judge